UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB BENJAMIN STERNBERG, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TOWN OF DANVILLE, et al.,<br><br>Defendants. | Case No. 15-cv-01878-SI<br><br>**ORDER GRANTING MOTION TO AMEND COMPLAINT**<br><br>Re: Dkt. Nos. 23, 24, 31 |

Now before the Court are plaintiffs' motion to amend the Complaint; Danville's motion for judgment on the pleadings; and defendants' motion to strike. These motions are currently set for oral argument on September 18, 2015. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and **VACATES** the hearing. For the reasons stated below, the Court **GRANTS** plaintiffs' motion to amend, **DENIES** Danville's motion for judgment on the pleadings, and **DENIES** defendants' motion to strike.

## BACKGROUND

**I.   Factual Background**

It is alleged in the complaint that on April 17, 2014, plaintiffs Jacob Sternberg and Alan Bishoff drove to a Trader Joe's grocery store in Danville, CA. Docket No. 1, Complaint ¶ 12. Once at the store parking lot, they proceeded to the dumpster in the back of the store, and removed food items that had been discarded. They placed the items in their car and drove away. *Id.* Plaintiffs were later pulled over by defendant officers Kellogg and Burns who claimed plaintiffs were "going a little fast," although plaintiffs allege they were not speeding. *Id.*

During the stop, the officers noticed the food in the back seat of the car, and asked plaintiffs what it was. *Id.* Plaintiffs responded that "it was food." *Id.* When asked where they obtained the food, plaintiffs would only confirm that it was obtained legally and refused to provide any further detail. *Id.* The officers then asked plaintiffs whether they had any illegal drugs or weapons in the car, to which they responded they did not. *Id.*

A few moments later defendant officer Rossberg arrived on the scene[1] and began searching the car with a police dog. *Id.* Defendants claimed that their dog sensed the presence of drugs, and therefore performed a second search despite plaintiffs' objections and refusal to give consent.[2] *Id.* Before the second search, plaintiffs were asked to exit the vehicle and stand facing the vehicle with their hands behind their heads. *Id.* Plaintiffs complied with this order. *Id.* During this time, one of the officers came up behind plaintiff Sternberg and grabbed his hand as well as clump of his hair, causing him pain. *Id.* When Sternberg communicated that he was in pain, the officer pulled harder so as to cause more pain. *Id.* Plaintiffs were eventually handcuffed and seated on the curb during the duration of the search. *Id.*

Plaintiffs were then moved to the back of a police car, with their hands handcuffed behind their backs. *Id.* Sternberg complained that his handcuffs were causing him pain, and asked if he could be handcuffed with his hands in front of him. *Id.* This request was refused. *Id.* After a "substantial period of time," an employee of Trader Joes arrived at the scene. *Id.* The employee examined the food that plaintiffs had taken and confirmed that it was discarded food held in an unsecured dumpster. *Id.* The employee stated that the store did not desire for plaintiffs to be prosecuted. *Id.*

---

[1] It is unclear from the Complaint at what point officer Rossberg arrived on the scene. Additionally, the Complaint alleges that defendant Sgt. Jimenez was the on-scene supervisor during the incident, but it is not clear at what point he arrived on the scene. Complaint ¶ 7.

[2] Although not stated in the Complaint, it appears that the canine search was done from the exterior of the vehicle, and the second search was done inside the vehicle.

Plaintiffs were later asked by one of the defendant officers if they wished to be informed of their rights. *Id.* Plaintiffs responded that they would like to be so informed, and invoked their right to speak with an attorney as soon as that right was communicated to them. *Id.* After hours of remaining in the backseat of the police car, plaintiffs were eventually told that they were being arrested and charged with burglary, conspiracy, receiving stolen property, and possession of a controlled substance. *Id.*

Plaintiffs were booked, and transported to Contra Costa County Jail in Richmond, CA, where they remained for five days. *Id.* No criminal charges were ever filed. Plaintiffs also never received a speeding ticket. *Id.*

## II.   Procedural Background

On April 27, 2015, plaintiffs filed a Complaint alleging causes of action for (1) 42 U.S.C. § 1983 (Fourth Amendment); (2) 42 U.S.C. § 1983 (*Monell* liability); (3) 42 U.S.C. § 1983 (negligent training and supervision); (4) 42 U.S.C. § 1983 (unlawful customs, policies, habits, and procedures); (5) California Civil Code § 52.1(b); (6) False Arrest; (7) False Imprisonment; (8) Intentional Infliction of Emotional Distress; (9) Negligence; (10) Conspiracy; and (11) Injunctive Relief. Complaint ¶¶ 16-66. Plaintiff named as defendants the Town of Danville ("Danville"), Danville Police Department, Chief of Danville Police Steve Simpkins, Officer Kellogg, Officer Burns, Officer Rossberg, and Sergeant Jimenez. Complaint ¶¶ 5-7.

On August 7, 2015, plaintiffs filed a motion to amend the Complaint. Docket No. 23. On August 13, 2015, Danville filed a motion for judgment on the pleadings. Docket No. 24. On August 31, 2015, defendants filed a motion to strike one sentence from plaintiffs' reply brief in support of their motion to amend the Complaint.[3] Docket No. 31.

---

[3] Defendants takes issue with the first sentence of plaintiffs' reply, which states: "As

3

**LEGAL STANDARD**

If more than 21 days have passed since a pleading was served, Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading only if the opposing party consents, or the Court grants leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be granted "with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). A court should freely grant leave to amend unless the opposing party can establish a factor such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (listing factors as "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile"). "Amendments seeking to add claims are to be granted more freely than amendments adding parties." *Union Pac. R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991).

The relevant factors are not of equal weight. *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971)). However, "[b]ald assertions of prejudice cannot overcome"

---

Defendants concede, Paragraph 21 [of the Complaint] 'possibly' contains sufficient factual allegations in support of Plaintiffs' *Monell* claims." Pl. Rep. at 1. In fact, Defendants' opposition reads: "With the possible exception of paragraph 21, the allegations in Plaintiffs' *Monell* claims are entirely conclusory." Def. Opp'n at 6. Defendants assert, without citation to any case, that this amounts to a "gross mischaracterization" requiring the Court to strike the above-quoted sentence from plaintiffs' reply. While defendants may have preferred a more flattering summary of their argument, this is not a proper basis to bring a motion to strike. "The paramount importance of vigorous representation follows from the nature of our adversarial system of justice. This system is premised on the well-tested principle that truth—as well as fairness—is best discovered by powerful statements on both sides of the question." *Penson v. Ohio*, 488 U.S. 75, 84 (1988) (internal quotations omitted). Accordingly, defendants' motion to strike is **DENIED**.

Rule 15(a)'s strong policy in favor of reaching a "proper disposition on the merits" of the case. *Hurn v. Ret. Fund Trust of Plumbing, Heating and Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981).

**DISCUSSION**

Plaintiffs wish to amend their complaint to add Contra Costa County ("Contra Costa") as a defendant. At the time the Complaint was filed, plaintiffs' counsel believed that the defendant officers were employed by Danville; however, at a July 22, 2015 case management conference, counsel discovered that the officers were actually on loan to Danville from Contra Costa. Docket No. 23-1, Lagos Decl. ¶¶ 2-3. In its opposition, defendants do not argue that the proposed amendment was brought in bad faith, that it would cause undue prejudice, or that it would produce undue delay in the litigation. Defendants therefore concede that these factors weigh in favor of granting plaintiffs' motion to amend. Defendants argue instead that plaintiffs' amendment would be futile because the underlying allegations fail to state a claim.

"A district court does not err in denying leave to amend where the amendment would be futile, *Reddy v. Litton Indus., Inc.,* 912 F.2d 291, 296 (9th Cir.1990), or where the amended complaint would be subject to dismissal. *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 538 (9th Cir.1989)." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). "As the Supreme Court indicated in *Foman*, amendment should not be barred as futile if the underlying facts may be a proper subject of relief…[L]eave to amend should be allowed unless the complaint cannot under any conceivable state of facts be amended to state a claim." *Breier v. N. Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963) (internal quotations omitted); *see also Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.").

Even if the Complaint fails to state a claim, as defendants contend, the proper remedy would be dismissal with leave to amend, not with prejudice. *Eminence Capital*, 316 F.3d at 1052. ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on *de novo* review that the complaint could not be saved by amendment."). Defendants argue that plaintiffs' allegations must be pled with more specificity; they do not argue that plaintiffs are barred from obtaining relief as a jurisdiction matter, or that "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense" as is required to show futility. *Miller*, 845 F.2d at 214. Nor can defendants rest their argument on plaintiffs' "repeated failure to cure deficiencies by amendments previously allowed," as this is their first motion to amend. *Foman*, 371 U.S. at 182.

A proposed amendment is futile only where it is "clearly frivolous." *United Union of Roofers, Waterproofers, & Allied Trades No. 40 v. Ins. Corp. of Am.*, 919 F.2d 1398, 1402 (9th Cir. 1990). Defendants' arguments fall short of meeting this high bar. *Cf. Breier*, 316 F.2d at 790 ("We also decline to speculate as to whether the amendment [*sic*] complaints will be legally sufficient. It has been said that the sufficiency of an amended pleading ordinarily will not be considered on motion for leave to amend."). Accordingly, the Court **GRANTS** plaintiffs' motion to amend the Complaint.

///

///

**CONCLUSION**

Plaintiffs' motion to amend the Complaint is **GRANTED**. Plaintiffs may file an amended complaint no **later than September 14, 2015**. Danville's motion for judgment on the pleadings is **DENIED**, without prejudice to refiling after plaintiffs file a first amended complaint. Danville's motion to strike is **DENIED**.

**IT IS SO ORDERED**.

Dated: September 2, 2015

_____
SUSAN ILLSTON
United States District Judge