1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JACOB BENJAMIN STERNBERG, et al.,

Plaintiffs,

v.

TOWN OF DANVILLE, et al.,

Defendants.

Case No.  15-cv-01878-SI

**ORDER ON DISCOVERY DISPUTE**

Re: Dkt. No. 56

Now before the Court is a discovery letter submitted by the parties.  Dkt. 56.  Plaintiffs seek an order compelling production of a third-party witness's date of birth (excluding birth year) and driver's license number.  *Id.* at 1.  Plaintiffs contend that they have been unable to confirm this witness's place of residence for purposes of service of a subpoena, and this information would allow them to "enlist the appropriate resources or data bases employed by investigators to confirm" the witness's address.  *Id.*  Plaintiffs allege that defendants have not met their burden to demonstrate that good cause exists to deny the request.  *Id.* at 3-4.

Defendants object on the grounds that this information is confidential and plaintiffs already have the witness's current address and cellular telephone number on the redacted police report in this case.  *Id.* at 4.  Defendants allege that they have repeatedly offered to produce the information at issue pursuant to a protective order.  *Id.*   Defendants assert that the release of such information could result in future financial harm to the witness.  *Id.*

Pursuant to Federal Rule of Civil Procedure 26, parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.   Fed. R. Civ. P. 26(b)(1).  The court may *sua sponte* limit the extent of discovery otherwise allowed by these rules if it determines that the discovery sought can be obtained from some other source that is more

convenient, less burdensome, or less expensive.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Further, Federal Rule of Civil Procedure 5.2 provides that, "Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's . . . birth date, . . . a party or nonparty making the filing may include *only . . . the year* of the individual's birth."  Fed. R. Civ. P. 5.2(a)(2) (emphasis added).

The Court finds that the information sought is private and the address and contact information of the witness can be obtained by a less burdensome means or from some other source.  The Court is not persuaded that the information sought will confirm the whereabouts of the witness.  Rule 5.2 presumptively allows a party to file an individual's *year* of birth precisely because courts are wary of providing the public with more specific identifying information.

The Court thus DENIES plaintiffs' discovery request as currently presented.  Should plaintiffs seek the information pursuant to a protective order, the Court would entertain such a request.

**IT IS SO ORDERED**.

Dated:  December 21, 2015

_____
SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California